IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TIMOTHY ANDERSON,
    Plaintiff,

vs.                                          Case No. 3:17cv878/RV/EMT

UBER TECHNOLOGIES, INC.,
    Defendant.[1]
_____/

## ORDER, REPORT AND RECOMMENDATION

This matter is before the court on a Motion to Dismiss filed by Defendant Uber Technologies, Inc. (hereinafter "Uber") (ECF No. 30).  Plaintiff has submitted documentation in response to the motion to dismiss, in which he indicates he objects to a dismissal of this case (*see* ECF No. 32).  Having carefully considered Uber's motion and Plaintiff's objection thereto, the undersigned finds that Uber's motion should be granted, because Plaintiff has failed to state a claim upon which relief can be granted.

---

[1] Plaintiff named "UBERCAB" as the sole Defendant in this action (*see* ECF No. 1), but the correct name of the entity/Defendant is Uber Technologies, Inc. (*see, e.g.*, ECF Nos. 24, 25, 26).  Also, as will be discussed more fully below, Plaintiff named other proposed Plaintiffs and sought class certification, but his motion seeking same was denied (*see* ECF Nos. 1, 5, 28).  Presently, the docket correctly reflects only Timothy Anderson as the Plaintiff, but it incorrectly lists "UBERCAB" as the Defendant.  The clerk will therefore be directed to modify the docket to reflect the correct name of the Defendant.

BACKGROUND

On December 7, 2017, Plaintiff Timothy Anderson (hereinafter "Anderson"), who is proceeding pro se and in forma pauperis, filed a Class Action Complaint on behalf of himself, two other individuals, and a "Nationally Growing Class of Permitted Hired Auto Drivers" (ECF No. 1 at 1).[2] The Court entered an order directing the United States Marshals Service to serve a copy of the complaint on Anderson's behalf (ECF No. 16). After the Court entered the order but before service was effected, Anderson was arrested for the murder of an Uber driver. He is currently awaiting trial on capital murder charges in Okaloosa County, Florida (*see* ECF No. 30, Exh. A).

Prior to his arrest, Anderson was a taxi driver. His claims stem from his belief that Uber, and the competition it engendered, cost him his livelihood. Specifically, Anderson alleges "Ubers [*sic*] rules were different than the rules" that applied to taxis

---

[2] Neither of the two other individuals identified as Plaintiffs in the caption of Anderson's complaint (Christopher C. Scott and Janalee Scott) signed the complaint (or otherwise appeared in this action). It does appear, however that Mr. Scott and Ms. Scott filled in and signed a page attached to the complaint which includes spaces/lines for them identify their names, their "permit locations" (evidently, airport locations), and "driver" phone numbers, email addresses, mailing addresses, and signatures (ECF No. 1 at 11). Six other individuals provided the same biographical information, though none of those six persons are specifically identified as Plaintiffs in the caption of the case (*see id.* at 1, 11–12). To the extent this biographical information and the accompanying signatures have sufficiently conferred the status of "Plaintiff" on Mr. Scott and Ms. Scott (or any of the other six individuals who provided information described herein), none has prosecuted this action in any manner, and in any event the grounds for dismissal raised by Uber here as to Anderson's claims would apply equally to all of them.

Case No.: 3:17cv878/RV/EMT

(ECF No. 1 at 3). According to Anderson, these rules gave Uber "a competitive advantage in the taxi market because they were able to charge less than the plaintiffs and had no permits" (*id.*). He also claims that internet search engines, primarily Google, cause persons who are searching for traditional taxis and cabs (and who are using search terms such as "taxi" or "cab") to be routed to Uber's "application" where they are ultimately connected with an Uber driver instead of a taxi driver (*id.*). As a result, Anderson contends, permitted taxi drivers such as himself were "finding less people who needed rides and loosing [*sic*] the income they had the right to earn" (*id.*). Anderson claims "[he] and other permitted hired auto drivers have been uniformly been [*sic*] deprived of their income (estimated $150 Billion dollars) that was primarily collected by Uber Technologies Inc. and distributed to drivers they recruited who have not been permitted to operate a hired auto" (*id*. at 5).

Anderson sets forth three counts in his complaint: (1) "Violation of 15 U.S. Code § 52 — Dissemination of False Advertisements" (Anderson claims that Uber, in efforts to avoid regulation, purposely does not advertise as a "taxi" service but should); (2) "Violation of 15 U.S. Code § 45 — Unfair Methods of Competition"; and (3) "Violation of 18 U.S. Code § 1341 — **FRAUD** — *obtaining money by means of false or fraudulent pretenses*" (ECF No. 1 at 8–9). As relief Anderson seeks monetary

damages and related relief aimed at determining the amount of damages and how compensation should be distributed among affected permitted drivers (*see id*. at 9).

STANDARD OF REVIEW

Motions to dismiss for failure to state a claim are governed by Fed. R. Civ. P. 12(b)(6). In applying that rule, the allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *See* Davis v. Monroe Cnty. Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between

possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted). And "bare assertions" that "amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

DISCUSSION

Anderson has failed to state a viable claim against Uber because none of the statutes he invokes provides for a private cause of action. A private individual may bring suit under a federal statute only when Congress intended to create, either expressly or by implication, a private right of action for civil parties in the statute. *See* Touche Ross &Co. V. Redington, 442 U.S. 560, 568 (1979). The statutes on which Anderson relies in Counts I and II, 15 U.S.C. §§ 52 and 45, respectively, fall under the Federal Trade Commission Act ("FTCA"). Only the Federal Trade Commission ("FTC") has standing to bring enforcement actions under those statutes. *See* 15 U.S.C. § 53; *see also* Lingo v. City of Albany Dep't of Cmty. & Econ. Dev., 195 F. App'x 891, 894 (11th Cir. 2006) (recognizing "[t]here is no private cause of action implied under the [FTCA]")[3] (citing Roberts v. Cameron–Brown Co., 556 F.2d 356, 361 n.6 (5th Cir. 1977) (noting that "regulation is in the hands of the administrative agency, and not the private citizen")[4]); *see also* Holloway v. Bristol-Myers Corp., 485 F.2d 986 (D.C. Cir. 1973) (holding that consumers and members of the public at large

---

[3] The undersigned cites Lingo and any other unpublished cases herein only as persuasive authority and recognizes that such opinions are not considered binding precedent. *See* U.S. Ct. of App. 11th Cir. Rule 36-2. The undersigned does the same with respect to opinions of circuit courts of appeals other than the Eleventh Circuit, *see* United States v. Rosenthal, 763 F.2d 1291, 1294 n.4 (11th Cir. 1985), as well and any district court opinion cited herein.

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

have no right to bring a private action to enforce provisions of the FTCA which prohibit unfair or deceptive acts or practices in commerce); Sharwell v. Selva, 4 F. App'x 226, 227 (6th Cir. 2001) (no private cause of action exists under the FTCA). Anderson, a private citizen, has thus failed to state a claim upon which relief can be granted in Counts I and II of his complaint.

The same is true with regard to Count III. As indicated above, 18 U.S.C. § 1341 prohibits mail fraud. Violations of the mail fraud statute are criminal in nature and punishable by fines and imprisonment. *See* 18 U.S.C. § 1341. Generally speaking, a private citizen lacks a judicially cognizable interest in prosecution or non-prosecution of another. *See* Linda R.S. v. Richard D, 410 U.S. 614 (1973). Courts have also specifically found there is no private cause of action for a violation of this particular criminal statute. *See* Bell v. Health-Mor, Inc., 549 F.2d 342, 346 (5th Cir. 1977) (holding there is no private cause of action under section 1341) (*citing* Napper v. Anderson, 500 F. 2d 634 (5th Cir. 1974)); *see also* Fisher v. Conseco Fin. Co., Inc., No. 3:07cv266, 2007 WL 3012881, at *3 (N.D. Fla. Oct. 12, 2007) (holding section 1341 does not expressly or impliedly create a private cause of action and finding "Congress did not intend to create a private right of action for civil parties" under that

provision). Because Anderson is a private citizen, he has failed to state a claim upon which relief can be granted in Count III of his complaint.

In summary, because Anderson has plainly failed to state a claim upon which relief can be granted (and has not provided any legal support as to why this cause should not be dismissed despite being given the opportunity to do so (*see* ECF Nos. 31, 32)[5]), this action should be dismissed.

Accordingly, it is **ORDERED** that:

The clerk of court is directed to modify the docket to reflect that the Defendant in this case is Uber Technologies, Inc.

And it is respectfully **RECOMMENDED** that:

1. Uber Technologies, Inc.'s Motion to Dismiss (ECF No. 30) be **GRANTED** and Plaintiff's complaint **DISMISSED** for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

2. The Clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 9th day of April 2019.

    /s/ *Elizabeth M. Timothy*
    **ELIZABETH M. TIMOTHY**
    **CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[5] In response to Uber's motion to dismiss, Anderson filed a written objection urging the court not to dismiss the case but provided no argument, support, or legal authority for the court to consider (*see* ECF No. 32).

Case No.: 3:17cv878/RV/EMT

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**